IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL SHAWN O'SHIELDS,**

        **Plaintiff,**

    **v.**                        **CASE NO. 06-3230-SAC**

**RUTH RITHAULLER,**
**et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This action was filed as a civil rights complaint, 42 U.S.C. 1983, by an inmate of the Montgomery County Jail, Independence, Kansas. Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2).

### FILING FEE

Under 28 U.S.C. 1915(b)(1), even if plaintiff's motion for leave to proceed without prepayment of fees is granted, he will remain obligated to pay the full filing fee in this civil action of $350. Where insufficient funds exist at the outset to pay the filing fee in full, the court is directed by statute to assess and collect an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits or average monthly balance in the inmate's account for the six months immediately preceding the date of the filing of a civil action. 28 U.S.C. 1915(b)(1)(A) and (B). Having examined the financial records submitted by plaintiff,

the court finds the average monthly deposit to plaintiff's account is $43.50, and the average monthly balance is $24.01. The court therefore assesses an initial partial filing fee of $8.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff will be given thirty (30) days to submit this partial fee.

**CLAIMS**

Plaintiff names a county prosecutor, Ruth Rithauller, as defendant. He alleges he has been charged and arrested, and she is "going to prosecute" him for trafficking contraband after he was already punished by the jail administrator for this incident in June, 2006. He asserts he is thus being punished twice for the same offense in violation of the Double Jeopardy Clause.

He also sues Bob Booth, the jail administrator, whom he alleges "locked (him) down" for a month without a write-up or disciplinary hearing after medication, combs, and dice belonging to him were found in his cell. He claims no trafficking offense occurred because he never tried to sell or trade his medication, and the combs and dice were not contraband but items supplied by the jail. He additionally claims he was entrapped by an officer at the jail who gave him his medication, waited until he took it to his cell, and then caught him with it.

Plaintiff seeks equitable relief in the form of an order requiring the county attorney's office to dismiss the charges against him, and the Montgomery County Jail to establish a

disciplinary hearing process.  Plaintiff also seeks monetary relief for "mental anguish and stress."

## SCREENING

Because Mr. O'Shields is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed.

The court notes the allegations in the complaint actually raise habeas corpus claims as well as civil rights claims, which should not be litigated in the same action.  Plaintiff's claims, which on their face appear to be civil rights in nature, include his requests for "nominal damages in the sum of $5000" for "mental anguish and stress," an "award" of $50 per day for the time he spent in lock-down, and for equitable relief ordering the Montgomery County Jail officials to establish a disciplinary hearing process.  Those which appear to be in the nature of habeas corpus claims include his request for this court to order that state criminal charges pending against him be dismissed.

## HABEAS CORPUS CLAIMS- CHALLENGES TO STATE CRIMINAL PROCEEDINGS

Plaintiff's claims that state criminal charges pending against

3

him should be dismissed on the grounds of insufficient evidence of trafficking, entrapment, and double jeopardy can be raised as defenses in the impending state criminal prosecution. They may be presented to the state court in which the criminal matter is pending, by motion before trial and at trial. Plaintiff is advised to contact his defense attorney to discuss these claims, and the proper procedures for raising them. These claims are hereby construed as premature habeas corpus claims, are held to be improperly raised in this federal civil rights complaint, and are dismissed without prejudice. If plaintiff is convicted and then wishes to present these habeas claims in federal court he must do so in a petition for writ of habeas corpus. As a prerequisite to any federal habeas petition, the petitioner must show he has properly presented all his challenges, in the first instance, to the state courts at every available level. 28 U.S.C. 2254.

Basically, plaintiff is asking this court to intervene in state criminal proceedings which have been initiated against him. For reasons of comity and judicial efficiency, among others, federal courts may not interfere with prosecutions pending in state court except under extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 44 (1971), *citing* Ex parte Young, 209 U.S. 123 (1908)(There is a fundamental policy against federal interference with state criminal prosecutions unless the danger of irreparable loss is both great and immediate, and the threat to plaintiff's federally protected rights cannot be eliminated by his defense against a single criminal prosecution). Plaintiff makes no allegation of any

4

"extraordinary circumstances" calling for federal intervention such as substantial and immediate threat to any federally protected right that cannot be asserted in his defense against the state prosecution. It does not appear from the complaint that plaintiff is threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith.

On the other hand, it appears plaintiff has an adequate remedy in that he is entitled to trial of the charges in state court. Younger, 401 U.S. at 43-44. Mr. O'Shields has the opportunity to raise his constitutional claims in proceedings already pending in state court. Defense of the criminal prosecution should assure adequate vindication of his constitutional rights if insufficient evidence of trafficking is produced or illegal entrapment is established. Id. at 48-49.

Plaintiff's claim of double jeopardy, in particular, fails to state a claim under either federal civil rights or federal habeas corpus law because the facts alleged in support of this claim do not evince a violation of the Double Jeopardy Clause of the United States Constitution. The Double Jeopardy Clause is "generally understood to preclude a second prosecution for the same offense." Witte v. United States, 515 U.S. 389, 396, (1995). Disciplinary or administrative action taken against an inmate at a jail or prison for a rules violation does not constitute a prior criminal prosecution. Consequently, there is no bar to criminal prosecution for an incident which was also the basis for prison disciplinary action.

5

**FEDERAL CIVIL RIGHTS CLAIMS**

   **I.   CLAIMS FOR DAMAGES**

As noted, plaintiff's civil rights claims include his request for "nominal damages in the sum of $5000" for "mental anguish and stress;" an "award" of $50 per day for the time he spent in lock-down; and equitable relief presumably in the form of a mandamus or injunction ordering defendants to establish a disciplinary hearing process.

Plaintiff does not specify and his factual allegations do not reveal whether the $5000 and $50 per day damages he seeks are compensatory or punitive in nature. His reference to his claim for $5000 as "nominal" is obviously incorrect. However, the complaint is liberally construed as seeking nominal damages for the constitutional violations alleged.

The only injury plaintiff alleges as a result of his allegations regarding lock-down and pending state charges is mental anguish and stress. Section 1997e(e) of 42 U.S.C., provides: "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Id. By its plain language then, § 1997e(e) requires a prisoner to allege a physical injury to bring a claim for "mental or emotional injury." The Tenth Circuit has held that this requirement clearly applies to claims for compensatory damages, but "does not bar recovery of nominal damages for violations of

6

prisoners' rights." See Searles v. Van Bebber, 251 F.3d 869, 879-81 (10th Cir. 2001), cert. denied, 536 U.S. 904 (2002).  Moreover, the rule seems to be that an award of nominal damages is mandatory upon the finding of a constitutional violation.  Id., *citing* Carey v. Piphus, 435 U.S. 247, 267 (1978) *and* Farrar v. Hobby, 506 U.S. 103, 112 (1992).  Plaintiff makes no allegation whatsoever of physical injury.  Without such an allegation, plaintiff's claims for money damages, if compensatory in nature, must fail.

As a general rule, punitive damages may be recovered for constitutional violations without a showing of a compensable injury. Searles, 251 F.3d at 880.  However, punitive damages are available in cases under 42 U.S.C. 1983 "only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others'."  Searles, 251 F.3d at 879, *citing* Smith v. Wade, 461 U.S. 30, 56 (1983).  Plaintiff alleges no facts to satisfy this well-settled standard for punitive damages.  Thus, plaintiff's claims, if intended to be for punitive damages, are not supported by sufficient factual allegations and are subject to being dismissed for that reason.

Unless plaintiff supplements his complaint with additional facts to support claims for compensatory and/or punitive damages, the only monetary claim remaining is for nominal damages, generally considered in the amount of $1.00, for alleged violation of his due process rights. However, plaintiff has not alleged sufficient facts to substantiate even a claim for nominal damages.

**II.  LOCK-DOWN WITHOUT A HEARING**

Plaintiff's allegations of denial of due process are insufficient to state a claim of federal constitutional violation. Plaintiff's complaint that he was placed in lock-down without a hearing obviously alleges procedural defects in disciplinary proceedings at the Montgomery County Jail; and, in fact, plaintiff alleges there are no disciplinary procedures whatsoever at this jail[1]. Plaintiff also implies his lock-down was invalid punishment because there was no evidence of trafficking or contraband.  He asserts his due process rights under the 14th Amendment were violated as a result.

In order to decide whether an inmate's placement in lock-down

---

[1]

Plaintiff exhibits "Montgomery County Dept of Corrections, Policies and Procedures, Inmate Rules Violations" dated September 13, 2005.  The last paragraph of this document provides: "Any violations of these rules are automatic administrative lockdown for 7-30 days".  Complaint (Doc. 1) Attach. 1 & 2. Rule 15 pertinently provides: "Possession/Passing/Receiving Contraband, A. 72 hour Lockdown with additional 7 to 30 day Lockdown with Administrative Approval." Id. Conduct Rule 4 pertinently provides:

> possession of any form of alcoholic beverage, form of drug . . . or medication (except as provided by the medical department), is a violation and is subject to state and federal prosecution.  Any inmate in possession of prescription or non-prescription medications that were not taken at prescribed med times . . . will be locked down for no less than 7 days . . . .

Id.  A note at the end of the rules provides "All punishments can be altered depending on the severity of the violation by the Shift Supervisor or Jail Administrator or the Asst. Jail Administrator or the Sheriff."  Id.

It has long been settled that an inmate charged with a disciplinary infraction is entitled to timely written notice of charges against him, a hearing, and a statement of reasons for any disciplinary action.  Wolff v. McDonnell, 418 U.S. 539 (1974).  Plaintiff's exhibits, if they embody the entirety of disciplinary procedures employed at the Montgomery County Jail, do not provide for notice of a specific charge to a particular inmate after an incident, a hearing to present evidence, or a written statement of reasons.  However, it does not appear from the complaint that plaintiff was charged with or found guilty of a disciplinary infraction, only that he was placed in lock-down.

or segregation triggers the protections of the Due Process Clause, a court must compare the conditions there with "the ordinary incidents of prison life" in other units such as administrative segregation and protective custody, and then determine whether these conditions constitute an "atypical and significant hardship." <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).  In his complaint, Mr. O'Shields alleges only that he was placed in lock-down for thirty days.  He does not allege any facts indicating his confinement in lock-down "exceeded similarly, but totally discretionary, confinement in either duration or degree of restriction." <u>Id</u>. at 486 (Thirty days in disciplinary confinement did not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.").  Nor has he alleged facts indicating his placement in either disciplinary or administrative lock-down at the jail inevitably affected the duration of his sentence.  It follows that, unless plaintiff supplements the complaint with additional factual allegations, he fails to state a claim for violation of his rights under the Due Process Clause.

### III.   FAILURE TO ADEQUATELY PLEAD EXHAUSTION

With regard to plaintiff's claims seeking money damages and non-monetary relief based upon conditions at the Montgomery County Jail, exhaustion of administrative remedies is required and has not been adequately pled.  42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such

administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).  The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court[2].  Porter v. Nussle, 534 U.S. 516, 520 (2002).  Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004).  It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted.  Id.  The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome."  Id.  The Tenth Circuit has also determined that "total" exhaustion is required.  Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004).  Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the administrative grievance

---

[2]    As the Tenth Circuit has explained:   Exhaustion is not some arbitrary hurdle to make it difficult for prisoners to sue. It serves "the twin purposes of protecting administrative agency authority and promoting judicial efficiency." McCarthy v. Madigan, 503 U.S. 140, 145 . . . (1992). By giving the agency a chance to correct its own errors, administrative review often obviates the need for litigation. Agency review typically moves much more quickly than federal litigation. See, e.g., Thomas v. Woolum, 337 F.3d 720, 732 (6th Cir. 2003)( "[I]t is in the prison grievance process that inmates will, for most practical purposes, receive their swiftest and most effective remedies."). See Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1237 (10th Cir. 2005).

10

procedures available at the facility, or the complaint is subject to being dismissed, without prejudice.

Plaintiff alleges he has not sought administrative relief because there is no grievance committee or way to contest being put on lock-down for a rules violation at the Montgomery County Jail. These general allegations do not amount to a sufficient demonstration of exhaustion or lack of available remedies.

As noted, the jail rules exhibited by plaintiff provide: "All punishments can be altered depending on the severity of the violation by the Shift Supervision or the Jail Administrator or the Asst. Jail Administrator or the Sheriff."  Complaint (Doc. 1) Attach. 2.  Plaintiff does not allege that he sought relief in writing from any of these officials.  He will be given time to submit copies or detailed descriptions of written documents in which he complained of his lock-down without a hearing to the designated officials at the Montgomery County Jail and of the lack of a grievance committee, together with the responses he received.  If plaintiff fails to adequately show exhaustion or further proof of lack of available remedies, the complaint is subject to being dismissed, without prejudice, for failure to show exhaustion.

### IV.  PROSECUTORIAL IMMUNITY

Finally, the court finds no claim for money damages is stated against defendant Ruth Rithauller for bringing and prosecuting criminal charges against plaintiff.  A county prosecutor is absolutely immune from civil liability for actions taken during the

judicial process of "initiating a prosecution and presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). For example, a prosecutor is absolutely immune for actions taken during probable cause hearings, Burns v. Reed, 500 U.S. 478 (1991), and preparing for and seeking an indictment, Kalina v. Fletcher, 522 U.S. 118, 128-29 (1997). It follows that plaintiff's claims for money damages against this particular defendant are subject to being dismissed as seeking relief from a defendant immune from such relief.

For the foregoing reasons, the court finds the complaint is subject to being dismissed for failure to state a claim, 28 U.S.C. 1915A(a), (b). Plaintiff is granted twenty (30) days to show cause why this action should not be dismissed for the foregoing reasons and supplement the record with additional crucial facts as discussed herein.

**IT IS THEREFORE ORDERED** that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $8.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days, plaintiff must show cause why this action should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's habeas corpus claims are dismissed, without prejudice.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2006, at Topeka, Kansas.

                                    s/Sam A. Crow
                                    U. S. Senior District Judge